NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

FEB 21 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| KENNETH TAYLOR CURRY, | No. 18-35467 |
| Plaintiff-Appellant, | D.C. No. 3:16-cv-05784-RBL |
| v. | |
| VANCOUVER HOUSING AUTHORITY; ROY JOHNSON, in his official & private capacity, | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Western District of Washington
Ronald B. Leighton, District Judge, Presiding

Submitted February 19, 2019[**]

Before:    FERNANDEZ, SILVERMAN, and WATFORD, Circuit Judges.

Kenneth Taylor Curry appeals pro se from the district court's summary

judgment in his 42 U.S.C. § 1983 action alleging claims in connection with his

participation in the Section 8 public housing program. We have jurisdiction under

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

28 U.S.C. § 1291. We review de novo, *Shelley v. Geren*, 666 F.3d 599, 604 (9th Cir. 2012), and we affirm.

The district court properly granted summary judgment because Curry failed to raise a genuine dispute of material fact as to whether defendants violated his due process rights in denying him an accommodation or terminating his housing assistance. *See Mathews v. Eldridge*, 424 U.S. 319, 333-35 (1976) (setting forth requirements for procedural due process); *see also* 24 C.F.R. § 982.552(c)(1)(ix) (allowing for denial or termination of program assistance "[i]f a family has engaged in or threatened abusive or violent behavior toward [Public Housing Agency] personnel").

The district court did not abuse its discretion in denying Curry's motion for reconsideration because Curry failed to establish any grounds for relief. *See Sch. Dist. No. 1J, Multnomah Cty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1262-63 (9th Cir. 1993) (setting forth standard of review and grounds for relief under Federal Rule of Civil Procedure 59(e)).

**AFFIRMED.**